HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BANCROFT LIFE & CASUALTY ICC, LTD.,
a corporation organized under the laws of St. Lucia,

      Plaintiff,

 v.

CESAR SCOLARI, an individual,

      Defendant.

No. 3:11-cv-5017-RBL

ORDER GRANTING SCOLARI'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS.
[Dkt. #37]

This matter is before the Court on Defendant Cesar Scolari's Motion for Leave to File First Amended Answer and Counterclaims under Fed. R. Civ. P. 15(a)(2), he seeks to assert three additional counterclaims under Fed. R. Civ. P. 13(e). [Dkt. #37, p. 1]. The proposed additional counterclaims are based upon Bancroft's basic "group captive" insurance program, of which Scolari was a member since 2006.[1]

Scolari seeks to bring fraud and misrepresentation claims based on Bancroft's original group captive insurance program, bad faith and breach of the covenant of good faith and fair dealing, and breach of fiduciary duty and accounting. Scolari argues that Bancroft was the de facto trustee of Scolari's funds during the time that they were held in the Bancroft tax shelter. He will claim that as a trustee, Bancroft owed Scolari certain duties. Alternately, Scolari claims that

---

[1] Defendant's three original counterclaims were dismissed due to a collateral order in California. Defendant's three proposed additional counterclaims are not controlled by the collateral order. [Dkts. #17, 34].

ORDER - 1

Bancroft as Scolari's insurer owed Scolari certain fiduciary duties. Scolari alleges that these three counterclaims are based on actions taken by Bancroft after Scolari filed his original Answer. [Dkt. #37, p. 2; Dkt. #37-1, p. 20-27].

Bancroft argues that Scolari's motion for leave to amend should be denied because the proposed claims are futile. It claims a forum selection clause mandates that the claims be brought in St. Lucia. [Plaintiff's Opposition, Dkt. #42, p. 2-3].

**I. Background**

Scolari alleges that Bancroft and its agents made material misrepresentations and fraudulent statements to induce him to enter into the original Bancroft Premium Lite group captive insurance program. Scolari argues that Bancroft is merely an "unreported and abusive tax shelter disguised in the facade of a commercial insurance program." [Dkt. #37-1, p. 20, 24].

In 2006, Scolari submitted a Membership Application for Group Benefits to Bancroft. The Application states: "[t]he benefits of this coverage may only be enforced within the jurisdiction and under the laws of Saint Lucia." Scolari initialed the pages containing this language. [Dkt. #42, p. 2; Barros Decl., Dkt. #42-1, Exh. 1].

Scolari seeks to have the money he paid as insurance premiums to Bancroft returned to him. This is referred to in the parties' documents as a "premium return." Bancroft argues that the premium return is a "benefit of coverage." Bancroft alleges that because the premium return is a benefit of coverage, Scolari's claims are barred by the forum selection clause included in the Application Scolari initialed. [Dkt. #42, p. 6, 8].

Scolari alleges that the "premium return" is not a "benefit of coverage" but rather something he is entitled to under Bancroft's tax shelter program. Scolari contends that he did not agree to a forum selection clause. Instead, he argues, he agreed only that coverage questions would be resolved in St. Lucia. [Dkt. #42, p. 10-1l; Dkt. #43, p. 7].

In addition to the Application Scolari submitted in 2006, Bancroft issued Certificates of Insurance each year. Each references a Master Group Policy. The parties dispute the content and validity of these Certificates. [Dkts. #42, 43].

Bancroft argues that each version of the Master Group Policy since 2005 has included a forum selection clause. [Dkt. #42, p. 3]. Bancroft did not produce a copy of this Master Group Policy but rather quoted the 2008 and 2010 versions. [Dkt. #42, p.3-4]. It claims the Master Group Policies state that "any action at law or in equity must be brought exclusively in the courts of St. Lucia." [Dkt. #42, p. 3].

Scolari alleges Bancroft has unilaterally amended the Master Group Policy to make it more advantageous in this litigation. [Dkt. #43, p. 4-7].

**II. Discusssion**

Under Fed. R. Civ. P. 15(a)(2), leave to amend shall be freely given "when justice so requires." Leave sought should be "freely given" when there are no apparent reasons to deny it. Such reasons include undue delay, bad faith, futility, etc. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed. 222 (1962).

The futility of a proposed amendment alone is sufficient to justify the denial of a motion for leave to amend. *Ahlmeyer v. Nevada Sys. of Higher Education*, 555 F.3d 1051, 1055 (9th Cir. 2009). A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (internal citation omitted).

A proposed amendment is not futile when questions of fact need to be resolved in order to determine whether an actionable claim exists. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

Bancroft's claim that Scolari's claims are futile under the forum selection clause requires a factual determination, or at least resolution under Rule 12. The Court cannot conclude that the

//

//

amended claims are futile on this record. Scolari's Motion for Leave to its File its First Amended Complaint, [Dkt. #37], is GRANTED and the Proposed Amended Complaint is deemed filed.

**IT IS SO ORDERED.**

Dated this 21st day of July, 2011.

_Ronald B. Leighton_
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE