HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BANCROFT LIFE & CASUALTY, ICC, LTD,<br><br>                    Plaintiff,<br><br>           v.<br><br>CESAR SCOLARI,<br><br>                    Defendant. | No. 3:11-cv-05017-RBL<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>[Dkt. #83] |

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration [Dkt. #83]. Because Plaintiff has failed to show manifest error in the prior ruling or introduce previously unavailable facts or legal authority, the motion is DENIED.

## I. BACKGROUND

Plaintiff Bancroft Life & Casualty, ICC, Ltd. ("Bancroft") is a licensed captive insurance company organized under the laws of Saint Lucia, an island country in the eastern Caribbean Sea. Pl.'s Mot. to Dismiss at 1 [Dkt. #47]. In 2005, Defendant Cesar Scolari enrolled in Bancroft's "Premium Lite" insurance program. *Id.* at 2. The program enabled Scolari to borrow back a portion of his insurance premiums, amounting to a loan of approximately $5 million, whereby Bancroft issued Scolari two promissory notes memorializing the loan obligations. Order at 3 [Dkt. #76].

When the parties' relationship soured, Scolari discontinued payment, and Bancroft sued on the notes, which provided for enforcement in the United States. *Id.* Scolari counterclaimed

ORDER - 1

for a declaratory judgment granting him equitable ownership of the promissory notes on the basis of fraud, misrepresentation, and breach of contract. Def.'s Answer at 16–19 [Dkt. #12].

Bancroft moved to dismiss Scolari's counterclaims for improper venue under Fed. R. Civ. P. 12(b)(3), arguing forum selection clauses in the insurance agreement required adjudication in Saint Lucia, or in the alternative to dismiss for failure to state a claim upon which relief can be granted. Pl.'s Mot. to Dismiss at 1 [Dkt. #47]. The Court, after reviewing the record and hearing oral argument, denied the motion because Bancroft's 2005 forum selection clause, signed in conjunction with the application for insurance, does not govern Scolari's counterclaims, and Bancroft's forum selection clause in the General Master Policy was never effectuated. Order at 6 [Dkt. #76].

Bancroft now moves for reconsideration of the Court's order denying the motion to dismiss for improper venue. Bancroft requests that the Court either vacate its prior order or hold an evidentiary hearing to further develop the material facts of this case.

## II. AUTHORITY

Local Civil Rule 7(h) controls motions for reconsideration: "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." CR 7(h)(1).

## III. DISCUSSION

Bancroft cites five separate grounds for reconsideration: (1) the Court's order is based on incorrect factual conclusions; (2) the Court's order misapprehends Bancroft's motion to dismiss; (3) the Court's order overlooks legal authority governing fraud and forum selection clauses; (4) the forum selection clause should be enforced regardless of whether Bancroft's claims are inextricably linked to Scolari's counterclaims; and (5) the Court's order fails to address Bancroft's alternate motion to dismiss for failure to state a claim upon which relief can be granted. Pl.'s Mot. for Recons. at 2–6 [Dkt. #83].

*A. Incorrect Factual Conclusions*

In a motion to dismiss for improper venue predicated on a forum selection clause, "the trial court must draw all reasonable inferences in favor of the non-moving party and resolve factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d

ORDER - 2

1133, 1138 (9th Cir. 2004). The decision to hold an evidentiary hearing is within the sound discretion of the trial court. *Id.* at 1139.

The Court did not purport to articulate the truth or falsity of the facts as presented by either party; it properly resolved factual conflicts in favor of Scolari, and it properly drew all reasonable inferences in favor of Scolari. The Court's interpretation of the facts in the light most favorable to the non-moving party is consistent with Ninth Circuit case law and does not constitute manifest error.

*B. Misapprehension of the Plaintiff's Motion*

Bancroft argues the Court misapprehended its motion, which relied on *both* the forum selection clause in the 2005 insurance application *and* the forum selection clause in Bancroft's Group Master Policy, because the Court "[did] not address the application of the forum selection clause found in the Group Master Policy . . . other than in passing in footnote 4." Pl.'s Mot. for Recons. at 4 [Dkt. #83]. This argument is puzzling; not only did the Court cite to the text of the broader Group Master Policy clause, but it expressly rejected this clause because Bancroft unilaterally modified the language without Scolari's knowledge, or at a minimum without Scolari's consent. *See* Order at 4, 6 [Dkt. #76].

The Court concluded the 2005 clause was the only executed clause in effect when Scolari repudiated the contract, and this clause was not broad enough to control Scolari's fraud claims. *Id.* at 6. Footnote 4 rejects the separate argument that Scolari is a third party beneficiary to the contract. *Id.* The Court did not misapprehend the motion.

*C. Overlooking Relevant Legal Authority*

Next, Bancroft argues the Court overlooked relevant legal authority, specifically, the rule that a party seeking to set aside a forum selection clause on the basis of fraud must show that the forum selection clause resulted from fraud or coercion. Pl.'s Mot. for Recons. at 4 [Dkt. #83] (citing *Richards v. Lloyd's of London*, 135 F.3d 1289, 1296–97 (9th Cir. 1998)). Bancroft contends Scolari is bound to the broader forum selection clause because Scolari has not alleged that the clause itself was the product of fraud or coercion. Bancroft advanced this argument in its original motion to dismiss [Dkt. #47], so the principle does not constitute "new . . . legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." CR 7(h)(1). Thus, in order for Bancroft to prevail, it must rely on a showing of manifest error.

ORDER - 3

In *Richards*, the court upheld choice of law and choice of forum clauses against more than 600 "Names" participating in the Lloyd's insurance syndicate. 135 F.3d at 1291–92. The Names advanced three arguments for repudiating the clauses, including the argument that Lloyd's obtained the clauses by fraud. *Id.* at 1292. The court found the argument unpersuasive, however, because the allegations concerned the "contract as a whole, with no allegations as to the inclusion of the choice clauses themselves." *Id.* at 1297. The Names failed to allege "that Lloyd's misled them as to the legal effect of the choice clauses," or "that Lloyd's fraudulently inserted the clauses without their knowledge." *Id.* "For a party to escape a forum selection clause on the grounds of fraud, it must show that 'the inclusion of that clause in the contract was the product or fraud or coercion.'" *Id.* (emphasis omitted) (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967)).

While Scolari did not set out allegations of fraud with respect to forum selection in his counterclaims, *see* Def.'s Answer at 17–18 [Dkt. #12], Scolari responded to Bancroft's motion with specific allegations of fraud related to the clause itself, *see* Def.'s Resp. at 6–11 [Dkt. #49]. Unlike in *Richards*, where the Names never argued Lloyd's inserted or altered the clauses without their knowledge, Scolari alleges Bancroft concealed the terms of the General Master Policy from Scolari and his agent. Def.'s Resp. at 6–11 [Dkt. #49]. Scolari further alleges that Bancroft secretly, unilaterally, and retroactively changed the terms of the original clause. *Id.* Because Scolari has stated a plausible case for fraud related specifically to the execution of the forum selection clause in the General Master Policy, Bancroft has failed to show manifest error in the Court's prior ruling.

*D. Enforcement Regardless of Whether the Claims are Inextricably Linked*

In its order denying Bancroft's motion, the Court stated, "[t]he action to collect on the promissory notes and the claims regarding the return of premiums are inextricably linked[] and should be tried together." Order at 6 [Dkt. #76]. Bancroft argues this reasoning constitutes error "to the extent that the Court is relying on a conclusion that Bancroft has waived its ability to enforce the forum selection clause . . . because the counterclaims are compulsory." Pl.'s Mot. for Recons. at 5 [Dkt. #83].

A counterclaim defined as "compulsory" under Fed. R. Civ. P. 13(a) is not immune from dismissal when the counterclaim is controlled by an enforceable forum selection clause. *See, e.g.*, *Publicis Commc'n v. True N. Commc'ns, Inc.*, 132 F.3d 363 (7th Cir. 1997). Nothing in the

Court's order contravenes this authority.  The Court did not conclude Bancroft waived its ability to enforce the clause against Scolari's counterclaims because the counterclaims were compulsory; it determined the 2005 forum selection clause, the only executed clause in effect, was not broad enough to govern Scolari's counterclaims.  *See* Order at 6 [Dkt. #76].  Bancroft's assertion is rejected.

*E. Failure to Address Plaintiff's 12(b)(6) Motion*

Finally, Bancroft argues the Court failed to address its alternate motion.  A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Scolari's counterclaims constitute more than "labels and conclusions" or a mere "recitation of the elements" of fraud.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Court expressly stated Scolari's "allegations of fraudulent conduct are plausible," thereby defeating Bancroft's alternate motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Order at 2 [Dkt. #76].

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration [Dkt. #83] is DENIED.

**IT IS SO ORDERED.**

DATED this 14th day of February, 2012.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE