HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BANCROFT LIFE & CASUALTY ICC, LTD.,

  Plaintiff,

  v.

CESAR SCOLARI,

  Defendant.

No.   3:11-CV-5017RBL

ORDER DENYING DEFENDANT'S MOTION TO STRIKE BANCROFT'S EXPERT WITNESS "REPORTS"

[Dkt. #88]

## I.   INTRODUCTION

This matter is before the Court on Defendant's Motion to Strike Bancroft's Expert Witness Reports [Dkt. #88]. For the reasons set forth below, the Motion is DENIED.

## II.   FACTUAL BACKGROUND

The Court's original scheduling order made Expert Disclosure/Reports due by September 14, 2011. On September 9, 2011, the Court signed a stipulated order extending that deadline to October 14, 2011. On that day, Defendant delivered to Plaintiff the report of its actuarial expert, Marne Rivelle. Plaintiff in turn delivered an "Expert Designation" for William N. Bartlett.

On October 31, 2011, the Court signed an second stipulated order extending all deadlines, including the disclosure for expert testimony, to January 9, 2012. On January 9, 2012, Plaintiff submitted two "Rebuttal Expert Reports," one authored by an actuary, Mr. Bartlett, and the other

Order - 1

by an expert in insurance underwriting, particularly in the captive insurance context, Michael R. Mead.

Defendant Scolari moves to strike Bancroft's expert witness reports because the reports are not in compliance with Fed. R. Civ. P. 26 or Local Rule CR 43. Defendant argues that the reports violate FRCP 26(a)(2)(B) because they were not signed by the expert, and were not reviewed or authored by the expert.

Defendant also argues that Plaintiff's use of both experts violates Local Rule CR 43(j) because the experts offer testimony on the same subject. Plaintiff argues that Defendant's motion should be denied because Plaintiff has cured any FRCP 26(a)(2)(B) defect, and Plaintiff's use of both experts is not a violation of CR 43(j) because they seek to testify on matters within their particular areas of expertise to rebut Mr. Rivelle's report.

### III.    AUTHORITY & DISCUSSION

**A.    Plaintiff's Expert Witness Reports Do Not Violate FRCP 26.**

Plaintiff argues that there is no FRCP 26(a)(2)(B) violation because upon learning of the omission, Plaintiff provided Defendant with signed declarations, curing any defects.

In its Reply [Dkt. #91], Defendant concedes that the Plaintiff has satisfied the requirements of FRCP 26(a)(2)(B). Indeed, the declarations of Plaintiff's experts remedy any defect that the expert reports had, specifically, the declarations were signed, stated the experts' compensation for preparing their report, and stated that the expert had reviewed their report and agreed with its contents. Fed. R. Civ. P. 26(a)(2)(B); *In Re Asbestos Products Liability Litigation*, 714 F.Supp.2d 535, 542 (E.D. Pa. 2010). The Defendant has suffered no prejudice as a result from any delay, and the Plaintiff has complied with the requirements of FRCP 26. *Wendt v. Host Int'l Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

FRCP 26(g)(2) provides that if a party is concerned about an unsigned disclosure, the disclosure is stricken unless "a signature is promptly supplied after the omission is called to the attorney's or party's attention." Fed. R. Civ. P. 26(g)(2).  In this case, rather than bringing the omission to the Plaintiff's attention, the Defendant filed this motion.  After receiving this motion, Plaintiff promptly supplied Defendant with signed declarations from both experts, and the Plaintiff attempted to discuss the matter with the Defendant, but his voicemail message went unreturned.

**B.      Plaintiff's Expert Witness Reports Do Not Violate Local Rule CR 43(j).**

Defendant argues that Plaintiff's use of two expert witnesses violates CR 43(j) because both experts are expected to rebut the opinions of Plaintiff's expert, Mr. Rivelle.  Plaintiff argues that their expert reports do not violate CR 43(j) because each expert is prepared to offer expert testimony within their particular areas of expertise to: (1) explain the basis for the retrospective premium assessment levied; and (2) rebut different contentions of Mr. Rivelle's expert report.

Local Rule CR 43(j) provides: "[e]xcept as otherwise ordered by the court, a party shall not be permitted to call more than one expert witness on any subject."  In this case, each of Plaintiff's experts is expected to offer testimony on different subjects.  Mr. Bartlett is an actuary, and he is expected to testify about the actuarial "principles and methods" he used to create the formula to calculate the Defendant's retrospective assessment.

Mr. Mead is an expert in captive insurance underwriting. He expected to testify about and respond to Mr. Rivelle's report regarding the purpose for, and disclosure of, retrospective assessments in the captive insurance context.  Where Mr. Bartlett's and Mr. Mead's testimony overlap in responding to Mr. Rivelle's report, they do so based on their distinct areas of expertise.

The Defendant does not demonstrate that Mr. Bartlett and Mr. Mead will testify on the same subject. Defendant primarily rebuts the math and actuary principles used to calculate the retrospective assessment. These arguments are good candidates for cross-examination subject matter.

Defendant's motion to strike Plaintiff's expert witness reports [Dkt. #88] is DENIED.

IT IS SO ORDERED

DATED this 10th day of May, 2012.

Ronald B. Leighton
United States District Judge