| | |
|---|---|
| | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BANCROFT LIFE & CASUALTY ICC, LTD., <br><br> Plaintiff, <br><br> v. <br><br> CESAR SCOLARI, <br><br> Defendant. | CASE NO. 3:11-CV-5017 <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |

THIS MATTER is before the court on Plaintiff Bancroft's Motion for Leave to File an Amended Complaint (Dkt. #99) to allege new causes of action for actual and constructive fraud[1]. For the reasons below, Plaintiff's Motion is **GRANTED**.

**I. FACTUAL BACKGROUND**

The factual background of this case is well known to the parties and was outlined by the Court in its prior Order on Plaintiff's Motion to Dismiss Defendant Scolari's Amended Counterclaims (*See* Dkt. #76). Bancroft's proposed amendments are based on new testimony

---

[1] The Court GRANTS Scolari's Motion for Leave to File Out of Time an Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint (Dkt. #108) and considers his Response (Dkt. #104).

ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT- 1

and information gathered in a recent deposition of Scolari's former attorney, Matt Brown. Bancroft claims that Brown's testimony reveals that Scolari committed actual and constructive fraud with respect to collateral for the promissory notes at issue in this case. Scolari responds (Dkt. # 104) that Bancroft mischaracterized Brown's statements, and that Bancroft's proposed fraud claims would be futile.

## II. DISCUSSION

Leave to amend a complaint under Rule 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Moreover, this policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted).

Bancroft asks the Court to apply this liberal standard and grant its Motion for Leave to File an Amended Complaint. In response, Scolari contends that Rule 16(b)'s "good cause" standard (and not Rule 15(a)'s liberal standard) controls Bancroft's proposed amendment[2]. Def.'s Resp. at 16–17. A "motion filed after the scheduling order cut-off date is untimely and may be denied solely on that ground." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Scolari asserts that since the Court issued a scheduling order after which Bancroft filed its motion, Rule 16's standard should apply. However, while the Court issued a scheduling order (Dkt. #26) setting a deadline for joining new a defendant, it did not set a

---

[2] "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

deadline for amending claims against existing parties.  Bancroft's Motion, therefore was not untimely, and Rule 15's liberal standard governs.

In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).  Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Here, there is no evidence of undue delay or bad faith; Bancroft only recently discovered information supporting what may have only been suspected (actual and constructive fraud).  Had it pleaded these causes of action from the start, its case could have been prematurely dismissed. In addition, Bancroft has not previously amended its complaint.  Thus, whether Bancroft's amended complaint would prejudice Scolari and whether the amendments are futile are the pertinent questions.

The party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  Although Scolari argues the merits of the amended claim in an effort to establish futility, neither he nor the Court can identify substantial prejudice to his position.  Scolari has failed to assert, much less prove, that the proposed amendments would prejudice him in any material manner.  Moreover, Bancroft does not request an extension of the discovery period, there are no new witnesses, and the amendment should not affect the trial date.  Accordingly, Scolari would suffer no prejudice due to the amendments, leaving futility as the final factor for Court to consider in determining whether to grant Bancroft's Motion.

A strong showing of futility must exist in order for Scolari to overcome the presumption in favor of granting leave to amend. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1566 (U.S. 2012) (citing *Eminence Capital*, 316 F.3d at 1051). A proposed "[a]mendment is futile if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)). Bancroft asserts that Brown's sworn testimony proves that Scolari never intended to perfect the security interests in the properties pledged as collateral for the loans, and that Scolari had subsequently alienated the pledged properties. Certainly, these facts constitute the fraud claims laid out in Bancroft's amended complaint, and Scolari has failed demonstrate that "no set of facts" exists constituting these claims. *Id.*

Given that courts are liberal in granting amendments, and the lack of prejudice or evidence of futility, undue delay, or bad faith, Plaintiff's Motion for Leave to File the First Amended Complaint is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 12th day of June, 2012.

Ronald B. Leighton
United States District Judge