HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BANCROFT LIFE & CASUALTY ICC, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>CESAR SCOLARI,<br><br>Defendant. | CASE NO. 3: 11-CV-5017-RBL<br><br>ORDER |

THIS MATTER is before the Court on Scolari's Motion to Compel [Dkt. #131], Scolari's Motion to File an Overlength Reply [Dkt. # 136], Scolari's Motion to Dismiss [Dkt. #116], and Bancroft's Motion to Compel [Dkt. #117]. Plaintiff Bancroft Life & Casualty sued Cesar Scolari for breach of contract after Scolari failed to make payments on his commercial loan. Defendant Scolari counterclaimed for fraud. After discovery revealed misrepresentations during the execution of the loan, Bancroft asserted claims for fraud and constructive fraud. Scolari seeks dismissal of the claims, arguing they are time barred.

Both parties seek an Order for the production of certain documents. Scolari seeks documents relating to the "Master Policy" that guides Bancroft's loan procedures. Bancroft seeks information relating to the properties that were supposed to be used as collateral, financial

documents from Scolari and his two businesses, communications between Scolari and the attorney who executed the loan, and documents between Scolari and his financial accountants. For the reasons stated below, Scolari's Motion to Dismiss [Dkt. #116] is DENIED; Scolari's Motion to Compel [Dkt. #131] is GRANTED in part; and Bancroft's Motion to Compel [Dkt. #117] is GRANTED in part.[1]

## I. BACKGROUND

The underlying case involves a complex, hotly disputed loan and insurance agreement. The Court and the parties are well aware of the factual allegations. Plaintiff Bancroft is a licensed captive insurance company organized under the laws of Saint Lucia, with its principle place of business also located in Saint Lucia. (Am. Compl. at 2.) Defendant Cesar Scolari is a resident of the state of Washington and owner of Sea Czar and Staffworks. Bancroft claims it executed two commercial loans to Scolari as part of the "Premium Lite" insurance program: one in 2006 and one in 2007. Both loans were meant to be memorialized by a promissory note and secured by real property worth 140 percent of the loan amount.

Scolari claims that he did not take out a loan; he claims that he borrowed back a portion of his own funds. He argues that the loan back program is "nothing more than an unreported and abusive tax shelter disguised in the façade of a commercial insurance program." (Am. Answer and Countercl. at 24.) In any event, Scolari made his last loan payment in 2008, and Bancroft to sue him on the notes. Scolari counterclaimed for a declaratory judgment granting him equitable ownership of the promissory notes on the basis of fraud, misrepresentation, and breach of contract. (Am. Answer and Countercl. at 2.)

---

[1] Scolari's Motion to File an Overlength Reply [Dkt. # 136] is DENIED because an overlength reply is unnecessary.

1    During April of 2012, Bancroft and Scolari deposed Matt Brown, the attorney who
2 helped execute the money exchange between the parties.  Scolari describes Matt Brown as a
3 representative of Bancroft's tax program, but Bancroft characterizes Matt Brown as Scolari's
4 then-attorney.  During the deposition, Bancroft discovered that Matt Brown did not perfect its
5 security interest despite telling Bancroft that he would "take care of it."  Additionally, Matt
6 Brown stated that Scolari did not hold clear title to the properties that were to be used as
7 collateral.  Based on this information, the Court allowed Bancroft to amend its complaint to
8 assert claims of fraud and constructive fraud, based on Brown's representations about his intent
9 to secure the loan and his representations about the property.  (Dkt. # 112, Order Granting Pl.'s
10 Mot. 1-2.)

11    Scolari now moves to dismiss the fraud and constructive fraud claims, arguing that they
12 are barred by the statute of limitations.  The applicable statute of limitations for both actions is
13 three years. REV. WASH. CODE § 4.16.080(4).  Although the claims at issue here were added in
14 the Amended Complaint, the claims relate back to the original complaint under FED. R. CIV. P.
15 15.  Thus, the statute of limitations bars Bancroft's action if it accrued prior to January 6, 2008
16 (three years from the date of Bancroft's original filing).

17    Additionally, Scolari moves the Court to compel production of all of the documents
18 related to Bancroft's "Master Policy," which guides all of the loan policies.  Scolari accuses
19 Bancroft of lying about the "Master Policy" to the Court.  Not surprisingly, Bancroft denies that
20 it lied, and accuses Scolari of failing to meet and confer.  Bancroft agrees to produce all of the
21 documents in thirty days.  In response, Scolari moved to file an over length reply.  The need for
22 an over-length reply is unclear as there is no dispute.

23
24

1    Finally, Bancroft moves the Court to compel production of (1) information related to the
2 real properties that were supposed to have been used as collateral, (2) the information Scolari
3 provided to Matt Brown relating to the promissory notes, (3) unredacted copies of the federal
4 income tax returns of Scolari and his companies, (4) communications between Scolari, Matt
5 Brown, and his accountants relating to the tax returns, the promissory notes, and the Bancroft
6 insurance program, (5) documents relating to the filing of Scolari's tax returns, and (6) financial
7 statements of Staffworks and Sea Czar.  Scolari has agreed to turn over the documents relating to
8 the real property after thirty days, provide an additional response to an interrogatory, and turn
9 over certain financial documents. (Dkt. #133, Def.'s Sur-Reply at 2-4.)  Scolari asks the Court to
10 review some of the financial documents *in camera*.

## II.   ANALYSIS

### A.  Defendant Scolari's Motion to Dismiss

13    Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal
14 theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*
15 *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff's complaint must allege
16 facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct.
17 1937, 1949 (2009).   A claim has "facial plausibility" when the party seeking relief "pleads
18 factual content that allows the court to draw the reasonable inference that the defendant is liable
19 for the misconduct alleged." *Id*.   Although the Court must accept as true the Complaint's well-
20 pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c)
21 motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State*
22 *Warriors*, 266 F.3f 979, 988 (9th Cir. 2001).  "[A] plaintiff's obligation to provide the 'grounds'
23 of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

The issue here is whether the discovery rule applies to toll the three year statute of limitations. "A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'' *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). In Washington, the discovery rule may toll the applicable statute of limitations. "The statute does not begin to run until the cause of action accrues—that is, when the plaintiff has a right to seek relief in the courts." *Sabey v. Howard Johnson & Co.*, 101 Wash. App. 592–9 (2000); *see also Crisman v. Crisman*, 85 Wash. App. 15, 20 (1997) ("The discovery rule operates to toll the date of accrual until the plaintiff knows or, through the exercise of due diligence should have known all the facts necessary to establish a legal claim.") Unless reasonable minds could not differ, "[t]he determination of when the plaintiff discovered or through the exercise of due diligence should have discovered the factual basis for a cause of action is a factual question for the jury." *Crisman v. Crisman*, 85 Wash. App. 15, 23 (1997).

Scolari argues that reasonable minds cannot differ on whether Bancroft should have discovered that Scolari failed to perfect Bancroft's security interest. Scolari notes that the conveyances were a matter of public record, and Bancroft could have discovered that the security interests were not perfected through simple investigation of the property records. Bancroft

makes two arguments in support of its position that the discovery rule tolled the statute of limitations: (1) Bancroft was not damaged until Scolari failed to make payments and (2) Bancroft did not discover the facts amounting to fraud because it reasonably relied on Scolari's representation.

As to the first argument, as Bancroft points out, Bancroft would never have been damaged if Scolari had continued to make payments on the note. The action for fraud did not accrue until Bancroft suffered damages. Bancroft has shown that as a matter of law the fraud actions were within the statute of limitations, and Scolari has not undermined that conclusion.

Bancroft also argues that its fraud claim did not arise until 2012 when it discovered that Matt Brown made false representations regarding the security of the loan. In other words, Bancroft argues it could not have discovered the cause of action until after it deposed Matt Brown. Bancroft's version of the facts is sufficient to plead that the statute of limitations was tolled based on its reliance on Matt Brown's assertions. The reasonableness of Bancroft's reliance on Matt Brown's assurance is properly plead and a proper question for the jury.

Scolari's Motion to Dismiss [Dkt. #116] is DENIED.

**B. Defendant Scolari's Motion to Compel**

Scolari asks the Court to compel the production of all information relating to Bancroft's "Master Policy." Scolari has made several arguments accusing Bancroft of lying to the Court and producing counterfeit documents. Bancroft, of course, defends itself. Additionally Bancroft requests thirty days "within which to produce all non-privileged communications response to request number 48 that relate to the creation or issuance of the Group Master Policy, any alterations or amendments thereto, or ther interpretation of the provisions of various versions of Bancroft's Group Master Policy." (Opp'n at 3–4.) Scolari seeks permission for an overlength reply in order to further explore the extent of Bancroft's alleged misbehavior. An overlength

document is not necessary if all parties agree on the production of the requested documents. The Court takes judicial notice of both parties accusations of misbehavior.

It is unclear why the resolution of these issues requires the Court's input. The "Master Policy" is relevant to the rights of Bancroft and the Certificate Holders, and Bancroft must produce all forms of it, including amendments, endorsements, and riders. Additionally, Bancroft must produce the requested correspondence concerning the Master Policy. To the extent that Scolari's Motion to Compel [Dkt. #131] is not moot, it is GRANTED. Bancroft shall produce the documents within 30 days of this Order. .

**C. Plaintiff Bancroft's Motion to Compel**

Plaintiff Bancroft seeks discovery of (1) information relating to the real properties that were supposed to have been pledged as collateral, (2) information Matt Brown provided to Scolari regarding the execution of the promissory note, (3) unredacted copies of the federal income tax returns filed by Scolari, Staffworks, and Sea Czar, for the years 2006 through 2010, (4) communications between Scolari, Matt Brown, and Scolari's accountants relating to the tax returns, the Bancroft insurance program, and the promissory notes, (5) documents and communication relating to the preparation and filing of the federal tax returns, and (6) financial statements of Staffworks.

The issues, again, do not appear to require the Court's participation. Scolari has already agreed to provide the information relating to the real property, an additional response to an interrogatory, and copies of financial documents. Even if Scolari had not agreed to provide the information relating to the real property, the information is relevant to Bancroft's Fraud claims and is discoverable. If Bancroft is unsatisfied with the responses to its interrogatories, it can follow-up at deposition.

1       The real issues relate to the financial documents.  Scolari must produce all Sea Czar and
2 Staffworks financial statements that relate to underwriting, insurance premiums, and the
3 Bancroft loan.  Scolari has agreed to produce the financial documents that are in Scolari's
4 possession and control.  (Sur-Reply at 4.)  But Scolari objects to producing documents that
5 accountant Wilson currently has in his possession, because he has not given them to Scolari.
6 Scolari has access to the documents.  Scolari cannot shield his financial documents from
7 discovery by claiming that they are not in his possession.  Scolari must produce the relevant,
8 discoverable, financial documents that are currently in Wilson's possession.

9       In response to Bancroft's repeated accusations that Scolari is withholding documents,
10 Scolari has a requested an *in camera* review.  The Court will review all of Scolari's withheld
11 documents *in camera* so that Scolari has the opportunity to prove that he is not withholding
12 discoverable information.  Additionally, the Court will review the redacted and unredacted tax
13 forms *in camera*.

14       As Scolari has already agreed to hand over all other documents, the Motion to Compel is
15 largely moot.  To the extent that it is not, the Motion [Dkt. #117] is GRANTED with the above
16 qualifications.  Scolari has thirty days to produce the information relating to the real property and
17 the discoverable financial information.  Scolari shall produce the withheld documents for *in*
18 *camera* review within thirty days of this ORDER.

19                 **III.   CONCLUSION**

20       Scolari's Motion to Dismiss [Dkt. #116] is DENIED.

21       Scolari's Motion to Compel [Dkt. #131] is GRANTED in part.  Bancroft has thirty days
22 to produce the documents in its possession.

23       Scolari's Motion to File an Overlength Reply is DENIED.

24

Bancroft's Motion to Compel [Dkt. #117] is GRANTED in part. Scolari has thirty days to produce the documents relating to the property and the discoverable financial documents. Scolari also has thirty days to produce all the financial documents for an *in camera* review.

Dated this 2nd day of October, 2012.

/s/ Ronald B. Leighton
Ronald B. Leighton
United States District Judge