HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BANCROFT LIFE & CASUALTY ICC, LTD., | No. 11-cv-5017-RBL |
| Plaintiff, | ORDER |
| v. | (Dkt. #146) |
| CESAR SCOLARI, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Bancroft's Motion for Partial Summary Judgment. The Court has reviewed the briefs and the supporting evidence and hereby denies the Motion.

## DISCUSSION

**A.  Washington Insurance Fairness Act**

Bancroft faults Scolari for failing to abide a 20-day notice requirement before asserting his counterclaim under Washington's Insurance Fair Conduct Act, Wash. Rev. Code § 48.30.010. The Insurance Fairness Act states that a "claimant must provide written notice of the basis for the cause of action to the insurer and the office of the insurance commissioner . . . [t]wenty days *prior to filing an action*." Wash. Rev. Code § 48.30.015(8)(a). Then, "if the insurer fails to resolve the basis for the action within the twenty-day period . . . , the [claimant] may bring the action without any further notice." *Id.* § 48.30.015(8)(b).

But Scolari never filed an action—he filed a counterclaim. The benefit of the 20-day notice—giving the insurer the opportunity to avoid litigation—is entirely absent where the

insurer sues the insured, as Bancroft has done. Thus, under both the plain language and the policy of the Insurance Fairness Act, the Court must reject Bancroft's position.

### B. Failure to Seek Leave to Amend

Bancroft asks the Court to strike the amended counterclaims because Scolari failed to seek leave to amend. (Pl.'s Mot. for Partial Summ. J. at 1, Dkt. #146.) The motion is denied. Scolari amended his counterclaims in response to Bancroft's fourth amended complaint. Moreover, the counterclaims themselves are based on allegations of fraud of which Bancroft is well aware.

### C. Failure to Abide Forum-Selection Clauses

Bancroft requests dismissal of the counterclaims pursuant to the forum-selection clauses in a variety of the agreements signed by the parties. That ship has sailed. Bancroft brought suit in the Western District of Washington, seeking enforcement of two promissory notes and alleging fraud on Scolari's behalf. It is undisputed that the promissory notes and the fraud allegations arise out of the parties' "insurance" relationship—which quite clearly has little to do with insurance and much to do with tax avoidance. The insurance policy, Scolari's application, and the "Maritsa" agreement, are all integral to the dispute at hand—a dispute that Bancroft has brought to this venue.

In response to Bancroft's claims, Scolari argues that Bancroft fraudulently promised to transfer the promissory notes to a "cell" entity he would later control and that Bancroft secretly altered their policy agreement to enable what amounts to theft. Bancroft cannot simultaneously sue on the promissory notes and then argue that Scolari's counterclaims against notes must be brought in St. Lucia.

Further, Scolari's counterclaims are not the same as those previously dismissed as collaterally estopped. (*See* Order, Dkt. #45.) While Scolari cannot sue to enforce the Maritsa agreement itself, he may assert what amounts to claims of promissory/equitable estoppel.

**CONCLUSION**

The parties present vastly different stories, which will require a jury to resolve. The Motion for Partial Summary Judgment (Dkt. #146) is **DENIED**.

Dated this 9th day of April 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE